BENJAMIN F. HARDIN v. THE STATE OF TEXAS.
GEORGE POAG v. THE STATE OF TEXAS.

The Legislature has power to authorize the holding of special terms of District Courts, for the trial of criminal causes.

APPEAL from McLennan. Tried below before the Hon. J. H. Banton.

These were proceedings by *habeas corpus*, on the part of B. F. Hardin and George Poag, who were convicted at a special term of the District Court of McLennan county, held in July, 1873, and their punishment assessed at fine and imprisonment. The term of court at which the convictions were obtained was held under an act of the Legislature, entitled "An act to authorize the judge of the Thirty-third Judicial District to hold a special term of the District Court for the trial of criminal causes," approved June 4, 1873.

Upon hearing, the parties were remanded to custody by the district judge, and they appealed.

No briefs on file.

WALKER, J.—The point raised in these cases, we think, is determined in the 1st Section of the 5th Article of the Constitution, which reads as follows:

"The judicial power of this State shall be vested in one Supreme Court, in District Courts, and in such inferior courts and magistrates as may be created by this Constitution, or by the Legislature under its authority.

"The Legislature may establish criminal courts in the principal cities within the State, with such criminal jurisdiction, co-extensive with the limits of the county wherein such city may be situated, and under such regulations as may be prescribed by law; and the judge thereof may preside over the courts of one or more cities, as the Legislature may direct."

Had, then, the Legislature power under this Constitution to authorize the Criminal Court of McLennan county to hold an extra term, so-called?

The language of the article quoted leaves the jurisdiction and regulation of this court to the Legislature, and, in our opinion, in no way restricts the power to inhibit the Legislature providing for as many terms of these criminal courts as they may think proper; and it is a wise provision that these courts may be held more frequently than the other District Courts, as great expense in the keeping of prisoners may be avoided by such a regulation.

But we are referred in the brief of appellants' counsel to Section 6 of Article 5 of Constitution, and it would seem that learned counsel hold that the question herein presented must be determined under this section. It is

true that as a general rule of interpretation where there is an express power conferred upon the Legislature there can be no implied power.

But this section applies to the ordinary District Courts, and it is even questionable whether the language of this section means any more than that the court shall be held at least three times a year in each county embraced in a judicial district.

The language of the Constitution makes it obligatory upon the district judges thus often to hold their courts; but this question has been settled in some of the other States, under similar constitutional provisions, as not prohibiting the judges from holding their courts oftener if necessary.

This is a question scarcely referable to the jurisdiction of the court; that is fixed by positive law. (7th Section of the 6th Article of Constitution.) This is a question which more properly regards the administration of the court, and is a matter which, to say the least, would be very properly referred to the Legislature by the organic law; and it cannot be denied that one of the leading vices in constitution making is too strong a disposition to legislate on all conceivable subjects, taking from the Legislature the very right and power to legislate for the people upon such subjects, and in such manner as public necessity may from time to time require.

The judgments in these cases are affirmed.

AFFIRMED.